## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY McCHAIN,<br><br>                     Plaintiff,<br><br>vs.<br><br>VETERANS ADMINISTRATION,<br><br>                     Defendant. | **CASE NO: 10-CV-2690-IEG (WMC)**<br><br>**ORDER (1) GRANTING PLAINTIFF'S MOTION TO PROCEED *IN FORMA PAUPERIS* [Doc. No. 2] AND (2) DENYING PLAINTIFF'S REQUEST FOR APPOINTMENT OF COUNSEL [Doc. No. 3]** |

On December 30, 2010, Plaintiff filed what appears to be a claim of medical malpractice against the Veterans Administration. (Doc. No. 1.) Presently before the Court is Plaintiff Gary McChain's Motion for Leave to Proceed *in Forma Pauperis*, (Doc. No. 2), and Request for Appointment of Counsel Under the Civil Rights Act of 1964 (Doc. No. 3). For the reasons stated herein, the Court GRANTS Plaintiff's motion for leave to proceed *in forma pauperis* and DENIES Plaintiff's request for the appointment of counsel.

## DISCUSSION

I. **Plaintiff's Motion for Leave to Proceed *in Forma Pauperis***

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $350. See 28 U.S.C. §

1914(a). An action may proceed despite a plaintiff's failure to prepay the entire fee only if the plaintiff is granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. §1915(a). See Rodriguez v. Cook, 169 F.3d 1176, 1177 (9th Cir. 1999).

The Court has reviewed Plaintiff's affidavit of assets and finds the affidavit sufficiently shows that he is unable to pay the fees or post securities required to maintain this action. Accordingly, the Court GRANTS Plaintiff's motion, and further finds that Plaintiff's Complaint is not subject to *sua sponte* dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B).

## II.    Plaintiff's Request for Appointment of Counsel Under the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5(f)(1)

Plaintiff requests that the Court appoint counsel under 42 U.S.C. § 2000e-5(f)(1), which provides for mandatory appointment of counsel for claims of employment discrimination under Title VII of the Civil Rights Act of 1964 and Title I of the Americans with Disabilities Act. See Storman v. Sacramento Reg'l Transit Dist., 70 Fed. Appx. 438, 440 (9th Cir. 2003). It does not appear from the face of Plaintiff's complaint that he raises any employment discrimination claim under either Act.

The Court also notes that the Constitution provides no right to appointment of counsel in a civil case unless an indigent litigant may lose his physical liberty if he loses the litigation. Lassiter v. Dept. of Social Services, 452 U.S. 18, 25 (1981). Under 28 U.S.C. § 1915(e)(1), however, district courts are granted discretion to appoint counsel for indigent persons under "exceptional circumstances." Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009). A finding of exceptional circumstances requires an evaluation of both the "likelihood of success on the merits and the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved. Neither of these considerations is dispositive and instead must be viewed together." Id. (internal quotation marks and citations omitted). Plaintiff's complaint does not appear to raise particularly complex legal issues. At this stage of the proceedings, the Court does not believe appointment of counsel is necessary. Therefore, the Court thus DENIES Plaintiff's request for the appointment of counsel.

//

//

## CONCLUSION

Based on the foregoing, the Court DENIES Plaintiff's request for appointment of counsel, GRANTS Plaintiff's Motion to Proceed *in Forma Pauperis*, and ORDERS as follows:

1. The Clerk of Court shall file the Complaint without prepayment of the filing fee.

2. The Clerk shall issue a summons for the Defendant Veterans Administration and forward it to Plaintiff.

3. Plaintiff shall serve upon Defendant or, if appearance has been entered by counsel, upon Defendant's counsel, a copy of every pleading or other document submitted for consideration of the Court. Plaintiff shall include with the original paper to be filed with the Clerk of the Court a certificate stating the manner in which a true and correct copy of any document was served on defendants or counsel of defendants and the date of service. Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a Certificate of Service will be disregarded by the Court.

**IT IS SO ORDERED.**

**DATED:** January 11, 2011

**IRMA E. GONZALEZ, Chief Judge**
**United States District Court**